602 A.2d 418

**WINDBER AREA AUTHORITY, Appellant,**

v.

**LASKY LANDFILL, INC. and Highland Sewer
and Water Authority, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 1991.

Decided Jan. 10, 1992.

Reargument Denied March 9, 1992.

David J. Kaltenbaugh, for appellant.

George P. Wolfe, for appellees.

Before CRAIG, President Judge, PELLEGRINI, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

Windber Area Authority (Windber) appeals from an order of the Court of Common Pleas of Cambria County which dismissed preliminary objections asserting lack of jurisdiction. The Court of Common Pleas certified that the order involved a controlling question of law and we granted an appeal.

Lasky Landfill, Inc. (Lasky) owns and operates a landfill in Richland Township, Cambria County, Pennsylvania. Highland Sewer and Water Authority (Highland) services the Richland Township area by providing a network of trunklines that transfers sewage to a treatment center owned by Windber. Highland's main office is in Cambria County and Windber's office is in Somerset County. Lasky applied for a tap-in to the Highland sewage transmission system. Highland sought Windber's approval for the tap-in because Highland provides transportation services only and the treatment of the sewage would be done at Windber's Ingleside Treatment Plant in Cambria County. Windber refused to treat effluent from the Lasky landfill. Lasky appealed the action in the Court of Common Pleas of Cambria County alleging that Highland and Windber's re-

fusal to provide sewage services was arbitrary, capricious and an abuse of discretion.

Windber filed preliminary objections claiming that the court lacked jurisdiction in Cambria County and that under Section 306(B)(h) of the Municipality Authorities Act (the Act) [1] exclusive jurisdiction is in the Court of Common Pleas of Somerset County. The court dismissed Windber's preliminary objections and we permitted the appeal because the jurisdictional question involved a controlling question of law.

Both Highland and Windber are authorities existing under and by virtue of the Act which provides the statutory framework and procedure for both the regulation and operation of authorities. Suits questioning the reasonableness of the extension of services by a municipal authority are specifically authorized by Section 306(B)(h) of the Act which provides in part:

B. Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes, including but without limiting the generality of the foregoing, the following rights and powers:

(h) ... Any person questioning the reasonableness or uniformity of any rate fixed by any Authority or the adequacy, safety and reasonableness of the Authority's services, including extensions thereof, may bring suit against the Authority in the court of common pleas of the county wherein the project is located, or if the project is located in more than one county then in the court of common pleas of the county wherein the principal office of the project is located. The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service.

Lasky's cause of action against Highland and Windber challenges the reasonableness of Windber's refusal to extend service which is within the purview of the Section

1. Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. § 306(B)(h).

306(B)(h) of the Act. We have held that the express language of that section of the Act provides that the court of common pleas shall have exclusive jurisdiction over questions involving rates or service. *Glennon's Milk Service, Inc. v. West Chester Area Municipal Authority*, 114 Pa.Commonwealth Ct. 88, 538 A.2d 138 (1988). There is no dispute that this action is properly in the court of common pleas. However, Windber argues that jurisdiction is exclusively vested in the Court of Common Pleas of Somerset County because the project is located in more than one county and the principal office of the project, Windber's main office, is located in Somerset County.

We must decide what constitutes the project at issue and where that project is located. Windber suggests the project is the entire transportation and treatment of sewage which is located in more than one county. We do not take so broad a view. Section 302(j) of the Act provides that the term "project" shall mean "... any structure, facility or undertaking which an Authority is authorized to acquire, construct, finance, improve, maintain or operate...." Lasky has been refused access to Highland's sewage transportation system which is located solely in Cambria County. The fact that Windber's treatment facility is involved doesn't alter our determination. To employ a broader definition of the term "project" would make it virtually impossible for Lasky to pursue its rights.

We can find no error of law and, accordingly, affirm the decision of the trial court which dismissed Windber's preliminary objections.

## ORDER

NOW, January 10, 1992, the order of the Court of Common Pleas of Cambria County, No. 1990–1752, Civil Action, dated April 3, 1991, is affirmed.